**Ryan J. Cooper (RC-0477)**
**COOPER, LLC – COUNSELORS AT LAW**
1250 Broadway, 36th Fl.
New York, NY 10001
t: (646) 475-8023

***Attorneys for Plaintiff***
*Add'l Counsel Listed on Signature Page*

**Of Counsel:**
**BRIAN R. MILDENBERG LAW FIRM**
**LISA ASEN CLAIRE**
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
brian@mildenberglaw.com
www.MildenbergLaw.com
215-545-4870
Fax: 215-545-4871

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LISA MENDONCA,

Plaintiff,

v.

SEPHORA USA, Inc.,

Defendant.

Civil Action No.:

**COMPLAINT**

To remedy discrimination on basis of pregnancy in violation of the ADA and the FMLA

**Jury Trial Demanded**

Plaintiff, Lisa Mendonca, by and through her undersigned attorneys, complaining of Defendant, Sephora USA, Inc., brings the instant action requesting judgment in her favor, and against Defendant, and in support thereof, allege, upon information and belief, as follows:

## NATURE OF ACTION

1. Plaintiff, Lisa Mendonca, a former employee of Sephora USA brings this lawsuit against her former employer, Sephora, to remedy harassment, discrimination and retaliation due to pregnancy.

## PARTIES

2. Plaintiff, Lisa Mendonca, is an adult individual, residing at 58 Davis Street, Freeport, NY 11520. At all times material hereto, Plaintiff was employed by Sephora USA, Inc. (Sephora), as a Beauty Advisor first at the Queens Center Store since in or about 2013 and then transferring to the Garden City Store in November 2017.

3. Sephora USA, Inc. is a Paris-based French multinational chain or personal care and beauty stores. Sephora features approximately 300 brands along with its own private label. Sephora offers beauty products including cosmetics, skincare, body, fragrance, nail color, beauty tools, and haircare. Sephora is owned by luxury conglomerate LVMH. The Sephora Americas headquarters are located in San Francisco, with multiple corporate office locations, including New York, New York.

## JURISDICTION AND VENUE

4. The above paragraphs are incorporated herein by reference.

5. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Defendant has a corporate office located at 19 E. 57th St., New York, NY 10022.

7. Upon information and belief, Plaintiff was terminated by the District Manager of Defendant's 34th Street store, located at 112 West 34th Street, New York, NY 10001.

8. Venue is proper in the Southern District of New York, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district.

## STATEMENT OF FACTS

9. The above paragraphs are incorporated herein by reference.

10. Sephora created a discriminatory and hostile work environment for Plaintiff due to her pregnancy. Plaintiff was employed by Sephora since in or around 2013 as a Beauty Advisor. In or around November 2017, Complainant was transferred from the Sephora store in Queens, NY to the Garden City, NY location where she had worked for approximately 4 years. Throughout her tenure, she maintained a fine performance record.

11. Shortly after her transfer, Plaintiff became pregnant. Plaintiff was very ill during her pregnancy and was hospitalized multiple times. In addition, she was diagnosed with hyperthyroidism while pregnant which also affected her health.

12. Plaintiff's doctor advised her that she could not stand for long periods of time and needed to take short breaks during the day. Her doctor instructed her to take a 15-minute break for every two hours that she was standing at work. Plaintiff provided doctor's notes to her managers at Sephora, who refused to permit her to take any breaks or make any accommodations for her. In fact, her managers required her to stand for four hours at a time, doing back-to-back makeup appointments without any break.

13. On one occasion when Plaintiff was scheduled to work but was very sick, her manager Carrie advised her that if she did not come in, she would be terminated. Fearing for her job, Plaintiff came to work anyway.

14. On another occasion, Plaintiff became violently ill during one of her shifts and manager Kristine threatened her job if she went home. Not wanting to jeopardize her job, Plaintiff continued to work despite being so sick. Later that evening, she was hospitalized.

15. Plaintiff needed her job and the way she was treated at work caused her significant stress and anxiety. In addition, Defendant's failure to make any accommodations

exacerbated the symptoms of her illnesses, , created additional strain on her pregnancy, and caused her additional emotional distress.

16. Defendant's discrimination of Plaintiff due to her pregnancy was egregious and demonstrated willful and wanton disregard for the health of her and her baby.

17. On or about September 26, 2018, Plaintiff went out on paid maternity leave for six weeks. Plaintiff's maternity leave was followed by eight weeks of approved FMLA leave.

18. On or about January 3, 2019, Plaintiff attempted to return to work and called the store to see when she could return. Theresa, the head manager for the store answered the phone and pretended that she did not know who Plaintiff was, despite being Plaintiff's boss for several months.

19. Plaintiff was later informed for the first time that she had been terminated in September, 2018 while she was on maternity leave.

20. The termination of Plaintiff's employment was pregnancy discrimination, with no valid business purpose or justification. The discrimination Plaintiff suffered includes but is not limited to intentional disparate treatment, and, in addition and/or in the alternative, disparate impact.

21. Plaintiff has exhausted administrative remedies after filing with the EEOC and other state agencies and has obtained a right to sue. This action is filed within 90 days of the issuance of Plaintiff's right to sue letter.

## STATEMENT OF CLAIMS

### COUNT I.
### REFUSAL TO REASONABLY ACCOMMODATE - ADA

22. The foregoing paragraphs are incorporated herein by reference.

23. Plaintiff was an individual with a perceived disability or disability as the term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2). Plaintiff's pregnancy-related illness substantially limited one or more of her major life activities. Plaintiff has a record of such impairment and was regarded by Sephora as having impairment.

24. Sephora's failure to make reasonable accommodations to Plaintiff's disability or perceived disability constitutes discrimination against Plaintiff with respect to the terms, conditions or privileges of her employment.

25. As a direct and immediate result of Sephora's discrimination on the basis of disability, pregnancy, Plaintiff has suffered lost wages, lost benefits and lost employment opportunities and is entitled to damages.

**COUNT II.**
**ADA RETALIATION**

26. The foregoing paragraphs are incorporated herein by reference.

27. In addition to and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

28. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment.

29. Further, Sephora failed to accommodate Plaintiff's disability or perceived disability and failed to engaged in a constructive, interactive process concerning same.

**COUNT III.**
**INTERFENCE WITH FMLA RIGHTS**

30. The foregoing paragraphs are incorporated herein by reference.

31. Sephora was Plaintiff's "employer" as defined by the FMLA.

32. Plaintiff is an eligible employee under the FMLA

33. Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

**COUNT IV.**
**RETALIATION IN VIOLATION OF FMLA**

34. The foregoing paragraphs are incorporated herein by reference.

35. Sephora unlawfully retaliated against Plaintiff in violation of the FMLA.

36. Sephora's conduct constituted unlawful retaliation against Plaintiff in violation of Plaintiff's rights under the FMLA, 29 U.S.C. §2615(a).

37. Sephora acted purposely and with malice with the intent to injure Plaintiff.

38. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiffs employment

39. As a direct and proximate result of Sephora's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages.

**COUNT V.**
**VIOLATION OF TITLE VII**

40. The foregoing paragraphs are hereby incorporated herein by reference.

41. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

42. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

43. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

44. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

**COUNT VI.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45. The foregoing paragraphs are hereby incorporated herein by reference.

46. Defendant's actions were designed to emotionally harm Plaintiff by causing her to subsist in an overwhelming, intimidating and hostile work environment.

47. Sephora's conduct was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against Sephora in an amount appropriate to punish Sephora and to deter Sephora and others from such conduct in the future.

**COUNT VII.**
**VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW (NYHRL)**

48. The foregoing paragraphs are incorporated herein by reference.

49. The above acts and practices of Sephora constitute unlawful discriminatory employment practices under the New York Human rights Law.

50. As a result of Sephora's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

**COUNT VIII.**
**VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

51. The foregoing paragraphs are incorporated herein by reference.

52. The above acts and practices of Sephora constitute unlawful discriminatory employment practices under the New York City Human rights Law.

53. As a result of Sephora's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Sephora, and Order the following relief:

a. A declaratory judgment declaring that Sephora has illegally discriminated against Plaintiff;

b. Declaring the acts and practices complained of herein are in violation of the ADA 42 U.S.C. Section 12101 et. seq., the FMLA, and NY State Human Rights Law;

c. Enjoining and permanently restraining the aforesaid violations;

d. Make whole order for Plaintiff, both in terms of pay, compensation, benefits, terms and conditions and emoluments of employment, including but not limited to back pay, front pay, and any pay differential;

e. Payment of compensatory and punitive damages, to all Plaintiffs in an amount to be determined at trial; and,

f. An award of Plaintiff's attorneys' fees and costs of suit as provided by the FMLA, the ADA and NY State Human Rights Law.

g. Such other relief as this honorable Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues so triable herein.

Dated: September 5, 2019

Respectfully submitted,
COOPER, LLC

/s/Ryan J. Cooper

Ryan J. Cooper
COOPER, LLC
1250 Broadway, 36th Floor
New York, NY, 10001
(646) 475-8023
ryan@cooperllc.com

*Counsel for Plaintiff*

OF COUNSEL:

BRIAN R. MILDENBERG LAW FIRM
LISA ASEN CLAIRE, ESQUIRE
Of Counsel
NJ Attorney ID No. 022002004
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
brian@mildenberglaw.com
www.MildenbergLaw.com
215-545-4870
Fax: 215-545-4871
(*pro hac vice* forthcoming)

Law Office of J. Conor Corcoran, P.C.
Conor Corcoran, Esq.
PA Attorney ID No.89111
1500 John F. Kennedy Blvd.,
Suite 620
Philadelphia, PA 19102
(*pro hac vice* forthcoming)